Filed June 26, 1884.

---

No. 10,862.

## GLENN v. DAILEY.

CONVERSION.—*Trover.*—*Agister.*—*Contract.*—*Negligence.*—*Answer.*—*Pleading.* —To a complaint alleging the delivery of a horse to the defendant to be kept and pastured for a consideration, until the plaintiff would demand the horse, and that demand was made and the defendant failed and could not deliver the horse, an answer to the effect that the defendant was, by the terms of the contract, not to be responsible on account of any injury caused by a railroad passing over his farm, or loss or casualties resulting from insufficient fences to confine the horse, but failing to show that the failure to return the horse was caused by the railroad or insufficient fences, is bad on demurrer.

From the Bartholomew Circuit Court.

*G. W. Cooper,* for appellant.

*N. R. Keyes,* for appellee.

COLERICK, C.—The appellant sued the appellee to recover the value of a horse, alleged to have been lost while in the possession of the appellee. To the complaint, which consisted of two paragraphs, an answer, in four paragraphs, was filed. A demurrer was sustained to the third paragraph of the answer, and overruled to the second and fourth paragraphs. A reply of general denial was filed. The issues,

were tried by a jury, and resulted in a verdict in favor of the appellee, upon which, over a motion for a new trial, judgment was rendered against the appellant. The errors assigned are the rulings of the court upon the demurrers to the second and fourth paragraphs of the answer, and on the motion for a new trial.

The first paragraph of the complaint averred, in substance, that on the 17th day of June, 1882, the appellant, being the owner of a certain horse, describing it, entered into a contract with the appellee to safely keep and pasture the same on the appellee's farm in Bartholomew county, Indiana, for a consideration to be paid to him, until the appellant might request or demand the same; that under and pursuant to said contract appellee took said horse to pasture, and possessed and held the same; that afterwards, on the — day of August, 1882, the appellant made a demand on the appellee for the possession of the horse, and that he failed and refused to deliver or return the same, and is unable to do so, and that the appellee is indebted to the appellant in the sum of $200, the value of said horse, which sum is due and wholly unpaid. Wherefore, etc.

The second paragraph of the complaint was, in substance, the same as the first, but contained the additional averments that the appellee carelessly and negligently placed the horse in a field upon his farm where the fences were down between said farm and the adjoining farm, not owned by the appellee, and that said horse strayed away, by reason thereof, to said adjoining farm, and was from there turned out upon the public highway; that appellant had made diligent search for the horse, but was unable to find it, or learn of its whereabouts, and that through the appellee's negligence and gross carelessness the horse strayed away as aforesaid, and was lost; that the appellant demanded possession of the horse of the appellee, who failed and refused to return it, or account for the same or the value thereof, to the appellant's damage $200. Wherefore, etc.

The second paragraph of the answer averred that the appellee was not, and had not been, at any time, engaged in the general business of keeping or pasturing horses for hire; that he was the owner of a farm in the vicinity of the town of Columbus, Indiana, the tillable land of which he cultivated, and kept the pasture land for his own use; that one Daniel Smith, who was the owner and keeper of a livery stable in said town of Columbus, and who kept a large number of horses, stated and represented to the appellee, prior to the times mentioned in the complaint, that he desired to put horses upon pasture from time to time, and requested of appellee the privilege of sending to the appellee's pasture such horses as he, Smith, might desire, on a proper compensation to be paid therefor by Smith, who was then and there informed by appellee that said farm was exposed on account of a railroad running through the same, and that the fences were sometimes down, and that he would not be responsible for any accidents or casualties happening to said horses by reason of said railroad, or by reason of said fences being down and the horses straying away, and that he would not take any horses to pasture unless the owners thereof would assume all risks and responsibilities on account of said railroad and fences; that Smith, under said arrangement, and not under any other or different one, did send horses from time to time to said pasture; that the appellant, prior to the time of placing his horse in pasture on appellee's farm, was keeping it in the livery stable of Smith, and requested Smith to obtain pasturage for it, and that Smith, under said arrangement with appellee, placed said horse in appellee's pasture; that appellant made no arrangement with appellee to pasture said horse, or pay for the same, but the same was taken under said arrangement with Smith, and upon the terms, as to price of pasturage, and as to appellee being relieved from any responsibility for accidents or escapes, as above set forth, and not otherwise.    Wherefore, etc.

Glenn *v.* Dailey.

. The fourth paragraph of the answer was, in substance, similar to the second paragraph, the material averments of which have been recited above. Both of these paragraphs purported to answer the entire complaint. It is quite clear that neither of them stated facts sufficient to constitute a defence to the cause of action set forth in the first paragraph of the complaint, which was founded upon the alleged refusal or failure of the appellee to surrender on demand the horse which was placed in his possession by the appellant for safekeeping, and contained no averment that the horse had been lost while in the possession of the appellee. For aught that appeared in this paragraph of the complaint, the inability of the appellee to return the horse may have been occasioned by some cause other than those excepted by the terms of the contract mentioned in the answer. To make the answer sufficient as to the first paragraph of the complaint, it was essential to aver therein that the inability of the appellee to surrender the horse was occasioned by or through one of the causes excepted by the contract, and on the happening of which he was to be exempted from liability. No such averment was made in either of said paragraphs of the answer, and for that reason the court erred in overruling the demurrers thereto, and for the error so committed the judgment ought to be reversed.

In view of the conclusion which we have reached, it is unnecessary to decide the questions presented by the motion for a new trial, as they may not arise on another trial of the case.

PER CURIAM.—The judgment of the court below is reversed, at the costs of the appellee, and the cause is remanded with instructions to sustain the demurrers to the second and fourth paragraphs of the answer, and for further proceedings.

ELLIOTT, C. J., took no part in the determination of this cause.

Filed June 26, 1884.